UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.    § | CASE NO. 5:25-CR-15-RWS-JBB |
| § | |
| DANIEL VANCE CASHION (1) § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On November 5, 2025, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 2. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Craig Bass.

### BACKGROUND

Daniel Vance Cashion ("Defendant") was sentenced on October 21, 2022, before The Honorable U.S. District Judge Reed O'Connor of the Northern District of Texas after pleading guilty to the offense of Failure to Register, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Defendant was subsequently sentenced to 37 months subject to the standard conditions of release, plus special conditions to include complying with requirements of the Sex Offender Registration and Notification Act; have no unsupervised contact with persons under the age of 18, nor loiter near places where children may frequently congregate, nor seek or maintain employment or volunteer at any location and/or activity where persons under the age of 18 congregate; participate in sex offender treatment until successfully discharge; and a special assessment of $100.00. On January 16, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

1

On June 12, 2024, Defendant's conditions were modified by the Sentencing Court upon request by the Eastern District of Texas to include: participation in sex offender treatment to include physiological testing; restriction in possessing and/or viewing sexually explicit material; submitting to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication, or data storage devices or media, and effects at any time with or without a warrant by any law enforcement or probation officer with reasonable suspicion; no contact with children under the age of 18 unless supervised by an adult approved by the probation officer; substance abuse testing and treatment; and participation in mental health treatment to include prescribed mental health medication. On May 19, 2025, jurisdiction of Defendant's case was transferred from the North District of Texas to the Eastern District of Texas.

On September 16, 2025, a Petition for Warrant or Summons for Offender Under Supervision was filed regarding the allegations against Defendant (Dkt. No. 2).

## PETITION TO REVOKE

In its petition for warrant or summons for offender under supervision (Dkt. No. 2), the Government alleges Defendant violated the following conditions:

1) **Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** Specifically, the Government alleges that:

- On July 25, 2025, Defendant submitted a urine specimen confirmed positive for methamphetamine.
- On August 25, 2025, Defendant submitted a urine specimen confirmed positive for methamphetamine.
- On September 3, 2025, Defendant submitted a urine specimen confirmed positive for methamphetamine.

2) **Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** Specifically, the Government alleges that on July 29, 2025, Defendant admitted to being in the company of an individual known to him that was in possession of illicit substances, such as methamphetamine.

3) **Defendant must not possess of view any images in any form of media or in live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. Defendant must provide the probation officer with access to any requested financial information to determine if Defendant has purchased, viewed, or possessed sexually explicit material.** Specifically, the Government alleges that Defendant admitted to viewing sexually explicit material on or about March 29, 2025; April 2, 2025; April 3, 2025; April 4, 2025; April 6, 2025; April 11, 2025; and April 12, 2025.

4) **Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.** Specifically, the Government alleges that on June 2, 2025, Defendant failed to report Drug and Alcohol Testing Compliance Services and submit to a drug test. Additionally, the Government alleges that on July 1, 2025, Defendant failed to report to Drug and Alcohol Testing Compliance Services and submit to a drug test.

## RECOMMENDATION

The Court scheduled a final revocation hearing November 5, 2025. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the petition. Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The parties did not agree upon the sentence to be imposed. Because Defendant admitted to a Grade B Violation, his guideline range of imprisonment is 18 to 24 months. *See* Dkt. No. 3 at 3. Consistent with the recommendation of United States Probation, the Government requested the Court impose a sentence of 21 months imprisonment, followed by a 24-month term of supervised release. *See id.* at 4. Defendant requested the Court impose a sentence of 18 months. At the hearing, Defendant called his mother, Teresa Cashion, to testify on his behalf. Ms. Cashion testified about the recent positive developments in Defendant's life while on supervised release. Additionally, during her testimony, Ms. Cashion presented the Court with letters of support for Defendant written by his supervisor at work and his neighbor.

In consideration of the sentence, the Court recognized a number of mitigating factors in Defendant's favor. Specifically, Defendant spent most of his formative years in prison. Since being on supervised released in the Eastern District of Texas, he has gained employment and has clearly been performing well at his place of employment, as evidenced by his supervisor's letter. Additionally, Defendant, on his own, sought out narcotics anonymous to deal with his drug addiction. Finally, as both the letter from his neighbor and the testimony of his mother demonstrate, Defendant clearly has strong connections with his family and those in the community.

However, there is an insufficient basis to depart from the sentencing guidelines. Rather, these mitigating circumstances provide justification to impose a sentence at the low end of the

guideline range. Therefore, the Court, having considered Defendant's plea of true, as well as the applicable U.S. Sentencing Commission Guidelines recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with a term of supervised release of twenty four (24) months to follow.

All prior conditions imposed in the original judgement should be reimposed. Upon release from imprisonment, Defendant must report to the probation office in the federal district where he is authorized to reside within 72 hours of his release from imprisonment unless the probation officer instructs him to report to a different probation or within a different time frame.

While on supervised release, Defendant must not commit another federal, state, or local crime. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days from imprisonment and at least two periodic drug tests, thereafter, as determined by the Court.

Defendant must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor Defendant's compliance, treatment progress, and risk to the community. Defendant must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. Defendant must pay any costs associated with treatment and testing. Should Defendant fail to pay as directed, Defendant must perform three (3) hours of community service for each unpaid session.

Defendant must not possess or view in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual

exploitation of children. Defendant must provide the probation officer with access to any requested financial information to determine if Defendant has purchased, viewed, or possessed sexually explicit material.

Defendant must submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication, or data storage devices or media, and effects at any time, with or without a warrant by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of conditions of supervision.

Defendant must not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medications as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

The Court further recommends the Court request the Bureau of Prisons designate FMC Ft. Worth for service of sentence. Should that facility be unavailable, the Court requests the Bureau of Prisons designate Seagoville for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the amended petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with a term of supervised release of twenty-four (24) months with the above listed conditions to follow said term of imprisonment, with FMC Ft. Worth, or if that facility is unavailable, Seagoville, as the place of confinement.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 10th day of November, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE